[781 NYS2d 749]

In the Matter of DERRICK G. ARJUNE, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 20, 2004

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

*Flamhaft Levy Kamins Hirsch & Rendeiro, LLP*, Brooklyn (*Harold L. Levy* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent avers that his resignation is freely and voluntarily tendered, he is not being subjected to coercion or duress, and he is fully aware of the implications of its submission. He acknowledges that the petitioner is currently investigating five complaints of professional misconduct against him and that he could not successfully defend himself on the merits against the charges predicated thereon. One of the complaints is a sua sponte investigation arising from his arrest on September 16, 2003, after he filed a notice of appearance on behalf of a client in Criminal Court, Queens County, subsequent to the effective date of this Court's opinion and order suspending him from the practice of law. The respondent was charged with violating Penal Law § 175.35, offering a false instrument for filing in the first degree, a class E felony, and Judiciary Law § 486, concerning the practice of law by an attorney who has been, inter alia, suspended, an unclassified misdemeanor. By letter to this Court dated May 18, 2004, the respondent's counsel asserted that the respondent entered a plea of guilty on May 3, 2004, to attempted violation of Penal Law § 175.35, a class A misdemeanor, and that part of the plea agreement was that the respondent would submit an affidavit of resignation.

The respondent submits his resignation subject to any application by the petitioner for an order directing him to make restitution and reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order and is aware that any order issued pursuant to that statute could be entered as a civil judgment against him. The respondent specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Inasmuch as the proffered resignation complies with all pertinent Court rules, it is accepted, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and COZIER, JJ., concur.

Ordered that the resignation of Derrick G. Arjune is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Derrick G. Arjune is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Derrick G. Arjune shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Derrick G. Arjune is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Derrick G. Arjune has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).